**ENSTAR PETROLEUM COMPANY, a Division of ENSTAR CORPORATION, Ultrex, Inc., and Dore Exploration, Inc., Relators,**

v.

**Honorable Fernando G. MANCIAS, Respondent.**

**No. 04–89–00166–CV.**

Court of Appeals of Texas, San Antonio.

May 31, 1989.

Rehearing Denied July 10, 1989.

---

W. Wendall Hall, Fulbright & Jaworski, San Antonio, Mike Mills, Atlas & Hall, McAllen, William D. Wood, John P. Bowman, Fulbright & Jaworski, Houston, for respondent.

A.A. Munoz, II, Flores, Munoz, Hockema & Reed, Roger Reed, Flores, Sanchez, Vidaurri & Munoz, McAllen, Frank R. Nye, Jr., Rio Grande City, for relators.

Before CADENA, C.J., and BUTTS and PEEPLES, JJ.

## OPINION

PER CURIAM.

This is an original proceeding for writ of mandamus directing the Honorable Fernando G. Mancias, Judge of the 93rd District Court, to disqualify attorney David Hockema and the law firm of Flores, Munoz, Hockema and Reed from representing the plaintiffs in the suit below. The plaintiffs, and real parties in interest, are James G. Murry and Roy P. Murry, d/b/a Three M Properties, James G. Murry, Jr., Individually and d/b/a Three M Properties.

The record before us reveals that in hearings conducted by the trial court, the following evidence was produced.

The real parties in interest, hereinafter referred to as Murry, filed suit against relators, hereinafter referred to as Enstar, in July 1985. At that time, Enstar retained Mike Mills of the Atlas and Hall law firm. David Hockema was at that time, and had been since January 1979, a partner in the Atlas and Hall firm. David Hockema left Atlas and Hall in February 1987 and became a partner in the firm of Flores, Munoz, Hockema and Reed. In December 1988, Murry met Munoz and Hockema at their law office to inquire whether their firm would represent Murry in the suit against Enstar. Hockema made the decision to accept representation of Murry and informed Murry that he and Munoz would actually try the case. Hockema then telephoned Mike Mills and informed him that "we were in the case" representing Murry.

Hockema testified that he had never heard of the suit until the December 1988 meeting with Murry. He had no knowledge of the case while at Atlas and Hall. When he asked Murry who was representing Enstar at the December 1988 meeting, Murry told him that Mike Mills was Enstar's attorney. After learning this, and reaching an agreement to represent Murry, Hockema immediately telephoned Mike Mills as described above. According to

Hockema, he first learned the case had been pending since July 1985, only after discussions with one of his current partners, Reed, sometime between January and March 1989.

The evidence is uncontradicted, and Enstar concedes, that Hockema had no actual knowledge of the suit while he was a partner with Atlas and Hall. Enstar contends that despite this fact, the knowledge of the suit possessed by Mike Mills of Atlas and Hall is presumed to have been shared with or imputed to other members of Atlas and Hall, including Hockema. Enstar relies upon Canons 4, 5, and 9, Supreme Court of Texas Rules Governing The State Bar of Texas, art. 10, § 9 (The Texas Code of Professional Responsibility).

In *Petroleum Wholesale, Inc. v. Marshall,* 751 S.W.2d 295, 299 (Tex.App.— Dallas 1988, no writ), it was noted that two presumptions give rise to the doctrine of vicarious disqualification under Canon 4: the first is an irrebuttable presumption that a client gives confidential information to an attorney actively handling the client's case, and the second is that an attorney who obtains such confidences shares them with other members of the attorney's firm. Under the second presumption, the actual knowledge of the individual attorney is imputed to the other members of the same firm. In the instant cause, there is an irrebuttable presumption that Mike Mills obtained confidential information from Enstar, his client. The second presumption is that Mike Mills shared this confidential information with the other members of Atlas and Hall, including David Hockema. *NCNB Texas Nat'l Bank v. Coker,* 765 S.W.2d 398 (Tex.1989), supports our conclusion. In *Coker,* the court held that when a law firm sues a former client, if "the matters embraced within the pending suit are *substantially related* to the factual matters involved in the previous suit," an appearance of impropriety exists as a matter of law. *Id.* at 399–400 (emphasis in original). Even though the law will not presume that the attorney will reveal confidences to the present client, the attorney should be disqualified because of the ap-

pearance of impropriety. *Id.* at 400. In the present case, the same litigation is involved, though Hockema did not personally represent the defendants his firm is now suing. We hold that under such circumstances, David Hockema is vicariously disqualified from participation in the instant suit. *See* Canon 9, *supra.* The question remaining is whether other members of the firm to which Hockema belongs are disqualified from participating in this suit. We hold that they are not disqualified.

New partners of a vicariously disqualified partner, to whom knowledge has been imputed during a former partnership, are not necessarily disqualified: they need only show that the vicariously disqualified partner's knowledge was imputed, and not actual. *American Can Company v. Citrus Feed Co.,* 436 F.2d 1125, 1129 (5th Cir. 1971); *accord,* State Bar of Texas, Commission on Interpretation of the Canons of Ethics, Op. 453 (1987). As noted earlier herein, the evidence is undisputed that Hockema had no actual knowledge of the instant suit while at Atlas and Hall. The law firm of Flores, Munoz, Hockema and Reed has established that Hockema's knowledge was imputed and not actual.

Additionally, Enstar was aware of the firm's representation of Murry as early as December 1988, well in advance of the March 1989 trial setting. Although Hockema's disqualification results as a matter of law, the motion to disqualify the entire firm by filing the same on the date of trial was untimely. We find, as did the trial court, that Enstar waived its right to disqualify the entire firm by the late filing of such motion.

In light of the evidence presented, and applying the principles enunciated in *American Can Company v. Citrus Feed Co., supra,* and Ethics Opinion 453, *supra,* we find no violation of Canons 4, 5 and 9 as to the other members of the law firm of Flores, Munoz, Hockema and Reed, and the other members of the firm are not disqualified from participation in the instant suit.

The writ is conditionally granted in part as to the disqualification of attorney David Hockema and denied in part as to the re-

fusal to disqualify the firm of Flores, Muñoz, Hockema and Reed. The portion of the writ granted will issue only if the trial court does not disqualify attorney David Hockema.