

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-14-00142-CR

**IN RE JACQUEL TORRAN O'NEAL**

**Original Proceeding**

## MEMORANDUM OPINION

Jacquel Torran O'Neal takes the position in this mandamus proceeding that the elected prosecutor and his staff cannot represent the State in O'Neal's underlying criminal proceeding. The State had moved to recuse and appoint a special prosecutor based upon the circumstances that existed in early 2012. A special prosecutor was appointed. The circumstances changed and the Special Prosecutor moved to withdraw and allow the elected prosecutor to continue the prosecution of the case. The trial court granted the Special Prosecutor's motion.

O'Neal has an adequate remedy by appeal of the issue of whether the prosecutor is disqualified and thus, can no longer represent the State in the prosecution of O'Neal.[1] *See Landers v. State,* 256 S.W.3d 295 (Tex. Crim. App. 2008); *Goodman v. State*, 302 S.W.3d 462 (Tex. App.—Texarkana 2009, pet. ref'd); *Scarborough v. State*, 54 S.W.3d 419 (Tex. App.—Waco 2001, pet. ref'd). Accordingly, O'Neal's petition for writ of mandamus is denied.[2]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
 (Justice Davis concurs without opinion)
Petition denied
Opinion delivered and filed May 22, 2014
Do not publish
[OT06]

---

[1] The appealability of the issue is different when the elected prosecutor complains about being disqualified from representing the State. *See State ex rel. Eidson v. Edwards*, 793 S.W.2d 1 (Tex. Crim. App. 1990) (plurality opinion); *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921 (Tex. Crim. App. 1994) (plurality opinion); *In re Ligon*, 408 S.W.3d 888 (Tex. App.—Beaumont 2013, orig. proceeding).

[2] There are several procedural issues in this petition, including a defective certification of the petition and exhibits in the appendix; however, we use Rule 2 to overlook the procedural issues and reach the merits of the petition. *See* TEX. R. APP. P. 2; 52.3.