**Opinion issued October 22, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-13-00184-CR

—————————————

**LOUCHIS HARRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1337123**

---

**O P I N I O N**

Appellant, Louchis Harris, pleaded guilty to aggravated robbery, and, after a presentence investigation was completed, the trial court assessed punishment at ten years' confinement. In his sole issue on appeal, appellant contends that the trial

court erred in considering two extraneous offenses that were referenced in the presentence investigation report. We affirm.

## BACKGROUND

On January 5, 2012, appellant and his sister, Jessica Harris, entered a Target store and picked up various blu-ray discs. Appellant concealed the discs under his vest, and his sister hid them in her purse. They then left the store without paying for the items. The defendants were followed outside by two of the store's loss prevention personnel, Todd Piper and Ranji Lahori. Piper attempted to apprehend appellant's sister. In response, appellant pulled out a chrome semi-automatic pistol and pointed it at him. Appellant asked Piper, "Do you want to get shot?" Appellant's sister managed to break free, and he and his sister fled the scene. After Lahori and Piper identified appellant from photo spreads, appellant was arrested and charged with aggravated robbery.

Appellant pleaded guilty to aggravated robbery on December 17, 2012, but requested that punishment not be assessed until after a presentence investigation report was prepared.

On February 13, 2013, before the punishment hearing occurred, appellant was arrested for failing to identify to a police officer. Appellant stated that he had been smoking at a bus stop and that an officer tried to issue him a citation for doing

2

so. Panicked, he told the officer his name was Louchis Stinson. Stinson is the last name of appellant's mother.

The punishment hearing was held on February 26, 2012. During the hearing, the trial court admitted the PSI report into the record. Appellant did not object. The PSI contained an admission by appellant that he smoked synthetic THC while the punishment hearing was pending. The PSI also included information concerning appellant's subsequent arrest for failing to identify to a police officer. The judge mentioned these two factors in making his sentencing determination. Specifically, the trial court stated as follows:

> Mr. Harris, whenever I decide whether someone should get probation or deferred adjudication or go to prison, I have a basic test that I go through. And that test is a test of whether I feel like I can trust you in the community or not.

> In this situation, you have made bad choices, obviously on the date of the offense, but continued to make bad choices while on bond. You've been smoking dope, you've been arrested. You've made it very clear that I cannot trust you in the community. You can't even stay drug-free and crime-free while you're on bond pending a PSI on a first degree felony.

> So I'm going to find you guilty of aggravated robbery. I'm going to sentence you to 10 years confinement.

## ANALYSIS

Appellant contends that the trial court's consideration of these offenses alleged in the PSI was improper because they were not sufficiently supported by the record.

A defendant's allegation that information contained in his PSI report is inaccurate does not render the PSI report inadmissible. *Stancliff v. State*, 852 S.W.2d 630, 631–32 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *Templeton v. State*, No. 01–96–01150–CR, 1997 WL 167841 at *1 (Tex. App—Houston [1st Dist.] Apr. 10, 1997, pet. ref'd) (not designated for publication). A defendant bears the burden of pointing out any material inaccuracy in the PSI report to the trial court at the time of the sentencing hearing. *See Harrison v. State*, No. 01–09–00045–CR, 2010 WL 547388 (Tex. App.—Houston [1st Dist.] Feb. 18, 2010, no pet.) (mem. op., not designated for publication); *Stancliff*, 852 S.W.2d at 632; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(a), (e) (West 2003). Moreover, to preserve the issue for appeal, a defendant is required to make a timely objection and get a ruling on his objection from the trial court. *See* TEX. R. APP. P. 33.1.

Appellant argues that the trial court erred by relying on his arrest for failing to identify to a police officer and his admission that he smoked synthetic THC when it sentenced him to 10 years confinement. He asserts that the record

4

contained insufficient evidence to rationally support the court's decision to hold him accountable for these extraneous offenses. The State responds that appellant failed to preserve the issue for appeal because he did not object to the admission of the PSI report. We agree with the State.

In *Schulte v. State*, the appellant argued that the trial court erred in considering five allegedly false convictions in his PSI report when it made its sentencing determination. No. 01-10-00100-CR, 2012 WL 5381210 at * 3 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012, no pet.). This Court held that the issue was not preserved for appeal because the appellant failed to timely object to the admission of the PSI report. *Id.*

Here, appellant's counsel was asked by the trial court whether he had any objection to the admission of the state's presentence investigation report into evidence. Appellant's counsel replied, "No objection, Your Honor." As such, the issue is not preserved for appeal. *See* TEX. R. APP. P. 33.1.

Accordingly, we overrule appellant's sole point of error.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

5

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Publish.   TEX. R. APP. P. 47.2(b).