

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00149-CR

**DEREK MCKAY DAVIDSON,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

**From the 220th District Court
Bosque County, Texas
Trial Court No. CR15566**

## MEMORANDUM OPINION

In one issue, appellant, Derek McKay Davidson, argues that the trial court violated

his substantial rights when it failed to have a pre-sentence investigation report ("PSI")

prepared prior to sentencing.  We affirm.

### I.        BACKGROUND

Davidson was charged by indictment with one count of aggravated assault with a

deadly weapon.  *See* TEX. PENAL CODE ANN. § 22.02(a)(2).  Davidson waived his right to a

jury trial, entered an open plea of guilty, and requested to be put on community supervision. At the plea hearing, the judge found Davidson guilty of the charged offense, found that a deadly weapon was used in the commission of the offense, and scheduled the sentencing hearing for five weeks later. At the sentencing hearing, Davidson requested that a PSI be completed prior to sentence being imposed. The trial judge took the request under advisement and proceeded.

Near the end of the sentencing hearing, Davidson again requested that a PSI be completed for the judge's review, but the judge determined that the court had sufficient information to meaningfully exercise its sentencing discretion without a PSI. Consequently, the judge sentenced Davidson to eight years' imprisonment with a $1,000 fine. The trial court certified Davidson's right of appeal, and this appeal followed.

## II. ANALYSIS

Davidson contends that the trial court violated his substantial rights by denying his request to have a PSI prepared before sentencing. Assuming without deciding that the trial judge erred by failing to direct a supervision officer to prepare a PSI, *see* TEX. CODE CRIM. PROC. ANN. art. 42A.252(c), we conclude that the error, if any, was harmless.

### A. Applicable Law

The failure to order a PSI constitutes non-constitutional error subject to the harmless error provisions of Texas Rule of Appellate Procedure 44.2(b). *See Whitelaw v. State*, 29 S.W.3d 129, 132 (Tex. Crim. App. 2000); *Scarborough v. State*, 54 S.W.3d 419, 425-

26 (Tex. App.—Waco 2001, pet. ref'd); *see also* TEX. R. APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). An error affects substantial rights if it "had a substantial and injurious effect or influence in determining the [court's] verdict." *Scarborough*, 54 S.W.3d at 426 (internal citations omitted).

**B.      Discussion**

In assessing how a purported error impacted the trial court's punishment decision, reviewing courts consider "the entire record, the nature of the evidence supporting the punishment decision, the character of the error, and how it might be considered in connection with other evidence in the case." *Yarbrough v. State*, 57 S.W.3d 611, 619 (Tex. App.—Texarkana 2001, pet. ref'd).

Here, the omission of a PSI did not affect Davidson's substantial rights for several reasons. First, prior to sentencing, Davidson received a full punishment hearing, which consisted of the testimony of nine witness, including Davidson himself. *See Whitelaw*, 29 S.W.3d at 132 (noting that, "[t]he fact that the defendant had a full punishment hearing may well impact whether the error was harmless"). The testimony covered a wide range of information, including Davidson's financial responsibility to his child, his own traumatic childhood, and his willingness to rehabilitate.

Additionally, the information ordinarily supplied by the PSI was not materially different from that which was adduced at the hearing. In other words, if the record

testimony was insufficient to convince the trial judge to grant community service, the information included in the standard PSI was unlikely to have made a difference. In fact, at the conclusion of the sentencing hearing, the trial judge listed the information provided in each section of the Bosque County PSI report and concluded that the testimony sufficiently addressed each section.

In any event, Davidson argues that the PSI would have outlined a supervision plan and provided information about substance abuse treatment options and that neither of these items were addressed at the sentencing hearing. However, as the State points out, the trial judge was likely familiar with the treatment options available, especially since, contrary to Davidson's assertion, the options were mentioned at the hearing. Furthermore, as the State posits, the trial judge could have concluded that Davidson was not fit for community service based on testimony highlighting, among other things, his repeated drug use and his inability to make and keep appointments.

Finally, Davidson contributed to the problem of which he now complains by failing to attend his scheduled PSI appointment. According to the record, Davidson scheduled a PSI appointment for March 26, 2019, eight days after his pretrial hearing. Davidson did not show up to this appointment, nor did he reschedule until the day of his sentencing hearing on April 22, 2019. When the trial judge asked Davidson why he missed his initial appointment, he explained that he lost his job and moved to another town, where he was camping out and without a phone or transportation. Regardless, the

record reflects that Davidson never asked for a continuance so that a PSI could be prepared, which is of particular importance since his new appointment was set for two days *after* the sentencing hearing.

Therefore, based on the foregoing, we cannot say that the purported error had a substantial and injurious effect or influence in determining Davidson's sentence in this case. *See Scarborough*, 54 S.W.3d at 426; *see also* TEX. R. APP. P. 44.2(b). We overrule Davidson's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Wright[1]
Affirmed
Opinion delivered and filed July 28, 2021
Do not publish
[CR25]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.