

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-21-00248-CR
No. 07-21-00249-CR

**JERROD NICHOLAS SWINDELL, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 78,223-C-CR; 78,224-C-CR, Honorable Ana Estevez, Presiding

July 29, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Jerrod Nicholas Swindell, appellant, was charged in two separate indictments with the offense of aggravated assault with a deadly weapon.[1]  Appellant entered an open plea of guilty to each indictment, waived his right to a jury trial, and elected to have the trial court assess punishment.  By his appeal, appellant contends the trial court abused

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2).

its discretion in failing to consider the presentence investigation report in assessing punishment against him. We affirm the judgments of the trial court.

## BACKGROUND

Appellant was charged via two separate indictments with aggravated assault with a deadly weapon. The record indicates that the offenses arose from a traffic altercation in which appellant followed his ex-girlfriend and her brother in his car in a threatening manner. He drove right beside their car, flipping them off, and then "cut [them] off" by getting in front of them. They drove away and approached a traffic light. Appellant rear-ended their car and when they proceeded through the light, appellant drove right beside them and hit the side of the car. Part of this interaction was recorded by a police officer on the patrol car recording system after the officer observed appellant "weaving in and out of traffic, trying to catch up to this car." That recording was admitted into evidence.

Appellant pleaded guilty to each charge and pleaded "true" to the enhancement provisions included within each of the indictments and notices, raising the applicable range of punishment for each offense to imprisonment for any term of twenty-five to ninety-nine years or life imprisonment. After appellant pleaded guilty, the trial court ordered the preparation of a presentence investigation report (PSI).[2]

Two months later, the trial court held a sentencing hearing. At the outset of the hearing, the trial court stated, "We are here for an in-person sentencing hearing after Mr. Swindell pled guilty in both cases, and the Court ordered a PSI. The Court has received that PSI and reviewed that PSI and takes judicial notice of its file, including the PSI." The

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42A.252.

2

trial court then received testimony from several witnesses and heard the arguments of counsel.

The PSI, a mere two pages long, was admitted into evidence without objection. Though brief, it included information regarding appellant's previous criminal history and his six unsuccessful placements on community supervision that all ended in revocation and imprisonment. The PSI did not include a specific proposed supervision plan describing programs and sanctions that the community supervision and corrections department would provide to appellant if the court suspended the imposition of the sentence or granted deferred adjudication community supervision.[3] However, the PSI did include a statement that, "[i]f the court should determine granting probation would be in the best interest of justice, [the Community Supervision Officer] would recommend the standard conditions of community supervision, jail time, ISF substance abuse track, SCRAM, GPS, and the TRAS to determine any other programs that would assist him in success on community supervision."[4] The State also offered testimony that appellant was previously sentenced to imprisonment for committing the offenses of "assault, domestic violence, family violence, indecency with a child, and assault impeding breath."

Several witnesses testified on appellant's behalf, providing the trial court with testaments to appellant's character and to the change in him. In his testimony, appellant requested the trial court place him on deferred adjudication community supervision.

---

[3] It is undisputed on appeal that appellant was eligible for deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.053, .054, .102.

[4] These abbreviations relate to specific community supervision programs, the specifics of which are not relevant to our resolution of this appeal.

3

During closing arguments, the State repeatedly referenced the PSI and noted in it that appellant blamed his ex-wife and "[h]e denies committing the indecency with the child, even though he pled guilty, and minimizes his accountability." In his closing, defense counsel told the court he believed the court should be more persuaded by the people who know appellant "on a day-to-day basis and have been willing to interrupt their daily schedules and appear voluntarily to testify on his behalf" than on the short PSI that was provided. As such, counsel asked the trial court to place appellant on ten years of deferred adjudication community supervision to "allow him an opportunity to go forward and demonstrate that he can and will continue to be a productive, useful member of this community."

In rebuttal, the State argued, "[t]he defense says this isn't a good PSI. So, basically the court officer that did this [PSI] didn't do her job, Your Honor." Defense counsel objected saying, "I did not say that." The trial court responded, "You know, I don't consider the PSI as far as making my decision at all. It is only—it is recommendations if I put him on probation. So nobody needs to discuss what they wrote."

Following closing arguments, the trial court continued, "So, at this point the Court, having heard all the evidence, the Court at this time—considering the plea and all the evidence, finds Jerrod Nicholas Swindell guilty" of the offenses to which he pleaded guilty. The trial court also found the enhancements paragraphs to be "true." After asking whether there was any reason for the court not to proceed to punishment and receiving a negative answer, the trial court sentenced appellant to concurrent sentences of twenty-five years of imprisonment. In doing so, the trial court noted that all of the improvements appellant

4

made in the previous two years led to the assessment of the minimum punishment in these cases.

## ANALYSIS

In his sole issue, appellant contends the trial court abused its discretion in failing to consider the PSI in assessing punishment against him. He argues that this failure was tantamount to the trial court failing to direct the preparation of a PSI and constituted a harmful abuse of discretion.

Applicable Law

A PSI is used when a sentence is to be determined by a judge. *Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010). Except in certain situations, article 42A.252 of the Texas Code of Criminal Procedure requires that, "before the imposition of the sentence by a judge, the judge shall direct a supervision officer to prepare a presentence report for the judge." TEX. CODE CRIM. PROC. ANN. art. 42A.252(a).[5] The report contains general punishment-phase information and assists the trial court in determining the sentence to assess. *Stringer,* 309 S.W.3d at 45. The report's contents are prescribed by statute. *See* art. 42A.253. An appellant can waive error if he does not object to the trial court's failure to order a PSI before imposing sentence or by not objecting to the PSI's contents. *McRoy v. State*, No. 06-06-00146-CR, 2007 Tex. App. LEXIS 2780, at *3–4 (Tex. App.—Texarkana Apr. 12, 2007, pet. ref'd) (mem. op., not designated for publication) (citations omitted). Likewise, an appellant can waive error by failing to bring

---

[5] Further references to the Texas Code of Criminal Procedure will be by "art. ___."

5

to the trial court's attention certain deficiencies in the report. *Harris v. State*, 416 S.W.3d 50, 52 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

Further, the failure to order a PSI constitutes non-constitutional error subject to the harmless error provisions of Texas Rule of Appellate Procedure 44.2(b). *Davidson v. State*, No. 10-19-00149-CR, 2021 Tex. App. LEXIS 6007, at *2 (Tex. App.—Waco July 28, 2021, no pet.) (mem. op., not designated for publication) (citing *Whitelaw v. State*, 29 S.W.3d 129, 132 (Tex. Crim. App. 2000); *Scarborough v. State*, 54 S.W.3d 419, 425–26 (Tex. App.—Waco 2001, pet. ref'd); TEX. R. APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.")). An error affects substantial rights if it "had a substantial and injurious effect or influence in determining the [court's] verdict." *Id.* at *3 (citing *Scarborough*, 54 S.W.3d at 426).

Application

Assuming without deciding the trial court erred by failing to consider the PSI, we cannot find the trial court's alleged failure to consider the PSI affected appellant's substantial rights. In assessing how a purported error impacted the trial court's punishment decision, reviewing courts consider "the entire record, the nature of the evidence supporting the punishment decision, the character of the error, and how it might be considered in connection with other evidence in the case." *Davidson*, 2021 Tex. App. LEXIS 6007, at *2–3 (citing *Yarbrough v. State*, 57 S.W.3d 611, 619 (Tex. App.—Texarkana 2001, pet. ref'd)).

Here, prior to sentencing, appellant received a full punishment hearing in which many witnesses testified, several on appellant's behalf. Further, the testimony provided

6

at the hearing supplied far more information than what was included in the PSI and included a wide range of information that was relevant to deferred adjudication community supervision. Also, the trial court had before it the testimony of several witnesses from which it could have determined appellant was not suitable for placement on deferred adjudication community supervision. This is particularly true given appellant's many failed attempts at successfully completing supervision in the past. While we acknowledge the committed offenses and failed attempts at community supervision were several years prior and that a number of witnesses testified to the improvements appellant had made in his life, the trial court nevertheless had before it evidence to conclude those strides were insufficient to make deferred adjudication a suitable resolution in either of these causes.

Appellant makes an alternative argument that the PSI was deficient and the trial court, as gate keeper, should have ordered a statutorily-compliant report. We disagree with this contention. First, appellant did not specifically bring any deficiency to the attention of the trial court nor did he request preparation of a more complete or detailed PSI. *See Harris*, 416 S.W.3d at 52. Second, the PSI does address the alleged deficiency through the statement on page two wherein the report concludes, "[i]f the court should determine granting probation would be in the best interest of justice, CSO would recommend the standard conditions of community supervision, jail time, ISF substance abuse track, SCRAM, GPS, and the TRAS to determine any other programs that would assist him in success on community supervision." Appellant had the opportunity to explore any deficiency through testimony at trial. He did not do so. As such, appellant's alternative issue is not preserved for appeal.

7

Consequently, based on the information in the record, we cannot say that any alleged error regarding the trial court's failure to consider of the PSI or any deficiencies within the PSI had a substantial and injurious effect or influence in determining appellant's sentences in this matter. TEX. R. APP. P. 44.2(b). We accordingly overrule appellant's sole appellate issue.

## CONCLUSION

Having overruled appellant's issue on appeal, we affirm the judgments of the trial court.

Judy C. Parker
Justice

Do not publish.