# Court of Appeals
## Tenth Appellate District of Texas

10-24-00189-CR, 10-24-00190-CR

Archie Glenn Crawford,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
220th District Court of Bosque County, Texas
Judge Shaun D. Carpenter, presiding
Trial Court Cause No. CR15943, CR15942

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

In his sole issue on appeal, Archie Glenn Crawford contends that he is entitled to a new punishment hearing in each of these cases because the trial court violated his substantial rights when it failed to have a presentence investigation report ("PSI") prepared prior to sentencing. We affirm.

BACKGROUND

Crawford entered open pleas of guilty to two counts of the second-degree felony offense of delivery of a controlled substance in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c). Each offense was based on his delivery of methamphetamine to a confidential informant. The trial court accepted Crawford's guilty pleas, and before proceeding to the punishment phase, the following exchange occurred:

> [Defense Counsel]: Your Honor, previously in these matters the Court ordered a presentence investigation prepared. And I understand that there was some confusion as to the date that Mr. Crawford was to appear for that interview. He has indicated to me that he would like to have a presentence report completed prior to the sentencing, and we would ask by oral motion for a continuance, that sentence be continued to the 29th.
>
> [The Court]: State?
>
> [The State]: Your Honor, [Defense Counsel] had made me aware last week of this certain situation, I guess. I am still not aware of the situation as to why the PSI was not completed, so we would just leave that to the discretion of the Court. Obviously, the State is ready to proceed; however, I also think that PSIs are helpful, regardless [of] whether the Court ultimately grants his requests and puts him on probation; but nonetheless, the State is ready to proceed and will defer to the Court.
>
> [The Court]: Continuance is denied.

The State called one witness at the sentencing hearing, an investigator with the Bosque County Sheriff's Office who testified about each of Crawford's

methamphetamine deliveries to the confidential informant. Crawford testified on his own behalf. During closing arguments, the State requested a fifteen-year prison sentence while Crawford requested probation with outpatient drug rehabilitation treatment. The trial court sentenced Crawford to sixteen years in prison in each case, to run concurrently.

RELEVANT LAW

When a sentence is to be determined by a judge, article 42A.252 of the Texas Code of Criminal Procedure requires the trial court to "direct a supervision officer to prepare a presentence report" prior to sentencing, subject to certain exceptions that are inapplicable here. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.252(a), (c). The failure to order a PSI is non-constitutional error subject to the harmless error provisions of Texas Rule of Appellate Procedure 44.2(b). *See Whitelaw v. State*, 29 S.W.3d 129, 132 (Tex. Crim. App. 2000); *Scarborough v. State*, 54 S.W.3d 419, 425-26 (Tex. App.—Waco 2001, pet. ref'd); TEX. R. APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). An error affects substantial rights if it "had substantial and injurious effect or influence in determining the [court's] verdict." *Scarborough*, 54 S.W.3d at 426 (internal citations omitted). In assessing how a purported error impacted the trial court's punishment decision, reviewing courts consider "the entire record, the

nature of the evidence supporting the punishment decision, the character of the error, and how it might be considered in connection with other evidence in the case." *Yarbrough v. State*, 57 S.W.3d 611, 619 (Tex. App.—Texarkana 2001, pet. ref'd).

## ANALYSIS

Crawford asserts that the trial court violated his substantial rights by failing to have a PSI report prepared despite his request. The State agrees that the trial court erred, but argues that the error was harmless. Assuming without deciding that the trial court erred by failing to have a PSI prepared, we conclude that the error, if any, was harmless. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.252; TEX. R. APP. P. 44.2(b).

A PSI report "informs the trial court's sentencing discretion" by providing the information listed in article 42A.253 of the Texas Code of Criminal Procedure.[1] *Scarborough*, 54 S.W.3d at 426; *see* TEX. CODE CRIM.

---

[1] A PSI report includes the following information:

(1) the circumstances of the offense with which the defendant is charged;

(2) the amount of restitution necessary to adequately compensate a victim of the offense;

(3) the criminal and social history of the defendant;

(4) a proposed supervision plan describing programs and sanctions that the community supervision and corrections department will provide the defendant if the judge suspends the imposition of the sentence or grants deferred adjudication community supervision;

(5) if the defendant is charged with a state jail felony, recommendations for conditions of community supervision that the community supervision and corrections department

PROC. ANN. art. 42A.253(a). Crawford argues that he was harmed because the trial court was unable to consider the social history, health status information, educational and psychological testing, and proposed supervision plan that would have been included in a PSI. Crawford also claims he was disadvantaged by the absence of an evaluation to determine the appropriateness of drug or alcohol rehabilitation. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.257. As support for his claim of harm, Crawford points out that the trial court assessed a sentence on the higher end of the punishment range that was greater than the sentence requested by the State.

"The fact that the defendant had a full punishment hearing may well impact whether the error [in failing to prepare a PSI] was harmless[.]"

considers advisable or appropriate based on the circumstances of the offense and other factors addressed in the report;

(6) the results of a psychological evaluation of the defendant that determines, at a minimum, the defendant's IQ and adaptive behavior score if the defendant:
    (A) is convicted of a felony offense; and
    (B) appears to the judge, through the judge's own observation or on the suggestion of a party, to have a mental impairment;

(7) information regarding whether the defendant is a current or former member of the state military forces or whether the defendant currently serves or has previously served in the armed forces of the United States in an active-duty status and, if available, a copy of the defendant's military discharge papers and military records;

(8) if the defendant has served in the armed forces of the United States in an active-duty status, a determination as to whether the defendant was deployed to a combat zone and whether the defendant may suffer from post-traumatic stress disorder or a traumatic brain injury; and

(9) any other information relating to the defendant or the offense as requested by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42A.253(a).

*Whitelaw*, 29 S.W.3d at 132. We find this to be true of Crawford's cases. Much of the information that would have been included in a formal PSI report was addressed by testimony at the sentencing hearing. "In other words, if the record testimony was insufficient to convince the trial judge to grant [community supervision], the information included in the standard PSI was unlikely to have made a difference." *Davidson v. State*, No. 10-19-00149-CR, 2021 WL 3191971, at *2 (Tex. App.—Waco July 28, 2021, no pet.) (mem. op., not designated for publication).

The trial court heard evidence that Crawford was dealing methamphetamine to the confidential informant in the underlying cases to support his own drug habit, which spanned approximately thirty years. Crawford described first using marijuana at the age of twelve, which progressed to cocaine, methamphetamine, and alcohol abuse. He described his methamphetamine use as "pretty heavy" and "steady," only interrupted by his periods of incarceration, with his high tolerance level requiring daily usage between one and four grams per day.

Crawford discussed his criminal history, which was comprised of multiple methamphetamine-related arrests and convictions. He testified that he successfully completed one term of felony probation as a young adult, though he admittedly continued to struggle with his drug addiction and had a

few "slip-ups along the way." After completing probation, Crawford reported that he served prison sentences in New Mexico and Texas, most recently including two consecutive twenty-four-month state jail sentences for possession of a controlled substance. According to Crawford, he started delivering drugs when he was released from state jail in 2019.

Regarding his social history, Crawford testified that he was a high school graduate and that he had obtained an associate's degree in electrical engineering while incarcerated in New Mexico. Crawford also explained that he recently obtained a full-time position with a fabrication company, which he hoped would allow him to financially support his five children. Crawford was also given the opportunity to discuss "anything that we haven't talked about that you think the judge should know before he decides what would be an appropriate punishment for you in these cases[.]" He took the opportunity to explain that he completed the initial PSI paperwork for the probation department, but the probation department never contacted him to complete the PSI report process.

Though an evaluation was not performed to determine the appropriateness of drug treatment pursuant to article 42A.257, the record reflects that the parties and the trial court considered the appropriateness and availability of various drug treatment programs. *See* TEX. CODE CRIM. PROC.

ANN. art. 42A.257. Crawford acknowledged the need for a significant change in his life and testified that he was willing to participate in an outpatient rehabilitation program. He explained that he had never been offered drug rehabilitation services in any of his criminal cases, though he admittedly never voluntarily sought treatment on his own. Crawford also asked that the trial court not require completion of the SAFP inpatient treatment program as a condition of probation so that he could continue his current employment. *See id.* at art. 42A.303; TEX. GOV'T CODE ANN. § 493.009. In requesting a prison sentence during closing argument, the State noted the availability of beneficial drug treatment programs in the penitentiary. The record also reflects that the trial court considered Crawford's need for drug rehabilitation treatment and the availability of drug rehabilitation programs in the penitentiary when pronouncing his sentence by ordering Crawford to participate in "the prerelease substance abuse program, a prerelease therapeutic community, and the in-prison substance abuse treatment program" while incarcerated.

We have considered the entire record, the nature of the evidence supporting the punishment decision, the character of the alleged error, and how it might be considered in connection with other evidence in the case. We conclude that the trial court's error, if any, in sentencing Crawford without a

completed PSI report is harmless.   We overrule Crawford's sole issue on appeal.

## Conclusion

Having overruled Crawford's sole issue on appeal, we affirm the trial court's judgments in each case.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  August 21, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CR25

