**AFFIRMED and Opinion Filed November 5, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00214-CR

### DONALD CLARK CUNNINGHAM, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1775859-R**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Whitehill

Appellant pled guilty to aggravated sexual assault of a child under six years of age. The trial court combined the related sentencing hearing with a hearing on the State's motion to adjudicate guilt on a prior aggravated assault charge. When the hearing concluded, the trial court granted the motion to adjudicate, found appellant guilty of the prior aggravated assault, and assessed punishment at twenty years imprisonment. The trial court also assessed punishment at life imprisonment for the aggravated sexual assault of a child offense.

In four issues, appellant argues the trial court erred by: (i) using unreliable extraneous conduct to impose the maximum sentence in the sexual assault case; (ii) refusing to consider less than the maximum sentence in the aggravated assault case; (iii) refusing to consider less than the maximum sentence in the sexual assault case; and (iv) imposing a constitutionally disproportionate

sentence in the sexual assault case. We affirm the trial court's judgment because (i) the code of criminal procedure does not prohibit consideration of extraneous misconduct in a pre-sentence report and appellant did not raise any material inaccuracies in the report, (ii) appellant's complaint about his aggravated assault sentence was previously dismissed for want of jurisdiction and is not cognizable in this appeal, (iii) there is no indication that the court failed to consider the full range of punishment in the aggravated sexual assault case, and (iv) appellant did not preserve his complaint that his sentence is constitutionally disproportionate.

## I. BACKGROUND

In March 2017, appellant pled guilty to aggravated assault causing serious bodily injury. Consistent with the plea agreement, the court deferred finding guilt and placed appellant on community supervision.

Approximately three months later, appellant was charged with sexually assaulting KR, who was five years old at the time. Appellant judicially confessed and pled guilty without a negotiated sentencing agreement.

The State moved to revoke appellant's community supervision in the prior aggravated assault case, and appellant pled true to the allegations. Both the sexual assault case and the sexual assault of a child case were initially passed to allow the judge to obtain a pre-sentence report.

The sexual assault sentencing and the aggravated assault revocation motion were both considered on February 23, 2018. The court granted the revocation motion, found appellant guilty of aggravated assault causing bodily injury, and sentenced appellant to twenty years imprisonment. Appellant was sentenced to life imprisonment in the aggravated sexual assault of a child case. Appellant timely appealed the aggravated sexual assault of a child judgment.

## II. ANALYSIS

**A.** **First Issue: Did the trial court err by using unreliable extraneous conduct evidence to impose the maximum sentence in the aggravated sexual assault of a child case?**

Appellant's first issue argues that the trial court relied on materially unreliable information in sentencing him to life imprisonment. Specifically, he contends that he "implicitly disputed" some of the factual allegations in the pre-sentence report (PSI) and in the indictment and arrest warrant in the aggravated assault case.[1] He further argues that the complainant in the aggravated assault case did not testify. Thus, according to appellant, "the record is clear that the trial court based its sentence on the contested allegation that [he] committed 'rape of a woman' and . . . 'within three months . . . digitally penetrated a child's anus and vagina at the same time.'" We reject appellant's argument because the code of criminal procedure does not prohibit consideration of extraneous conduct in a PSI, appellant did not raise any inaccuracies in the report, and the same factual allegations are included in the arrest warrant affidavits supporting the indictments to which appellant judicially confessed.

An allegation that information in a PSI report is factually inaccurate does not render the report inadmissible. *Harris v. State,* 416 S.W.3d 50, 52 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "A defendant bears the burden of pointing out any material inaccuracy in the PSI report to the trial court at the time of the sentencing hearing." *Id.*; *see also* TEX. CODE CRIM. PROC. art. 42.12, § 9(e).

Moreover, the code of criminal procedure "does not prohibit" a judge from "considering extraneous misconduct evidence [in a PSI] in assessing punishment just because the extraneous misconduct has not been shown to have been committed beyond a reasonable doubt." *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007); TEX. CODE CRIM. PROC. art. 37.07(a)(1).

---

[1] Appellant was originally indicted for sexual assault, but the State dismissed the indictment in exchange for his guilty plea to an information charging him with aggravated assault causing serious bodily injury.

Rather, the PSI need only provide the trial court "with some basis from which it can rationally infer that the defendant was responsible before using it to inform its normative judgment of what punishment to assess within the statutorily prescribed range." *Smith*, 227 S.W.3d at 759.

Appellant insists that he "clearly contested the circumstances surrounding the aggravated assault" because he said that he did not forcibly put his fingers inside that complainant's sexual organ or remove her pants. He further argues that he only admitted digital penetration in the aggravated sexual assault and since he did not use his sexual organ, there was nothing "white" in the child's underwear as she described. He argues that the statements to the contrary that were included in the PSI were therefore unreliable.

But appellant specifically requested the PSI and did not object to its contents. Instead, he judicially confessed to each offense as having been committed "exactly as alleged in the indictment." stipulated to the evidence, and pled guilty to those offenses. Under these circumstances, appellant's first issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1.

**B.     Second Issue:  Did the trial court err by refusing to consider less than the maximum sentence for aggravated assault?**

Appellant's second issue complains about the sentence imposed in the aggravated assault case.[2] But appellant did not timely file a notice of appeal from the trial court's order adjudicating guilt in that case. *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal due within thirty days sentence imposed). Consequently, this court dismissed the appeal for want of jurisdiction. Thus, appellant's second issue is not cognizable in this appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam) (court of appeals lacks jurisdiction over an untimely appeal).

---

[2] Cause Number 05-18-00678-CR

–4–

**C.     Third Issue: Did the trial court refuse to consider less than the maximum sentence for sexual assault of a child?**

Appellant's third issue argues that the trial court violated his right to due process by failing to consider the full range of punishment because the judge allegedly stated, at the beginning of the hearing, that appellant would die in prison if the court sentenced him to life. We reject this issue because there is nothing to indicate that the trial court failed to consider the full range of punishment.

A trial court denies a defendant due process when it arbitrarily refuses to consider the entire range of punishment. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). Absent a clear showing of bias, reviewing courts will presume that the trial court's actions were correct. *Brumit v. State,* 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

Aggravated sexual assault of a child is a first degree felony, punishable by life imprisonment or any term of not more than ninety-nine years or less than five years. TEX. PENAL CODE §§ 12.32; 22.021(e). But when the victim of the offense is younger than six at the time of the offense, the minimum term of imprisonment is increased to twenty five years. *Id.* § 22.021(f)(1).

Here, there is no indication that the court failed to consider the full range of punishment. Rather, the court told appellant that aggravated sexual assault of a child under six was a felony with a "minimum imprisonment term of twenty-five years up to 99 years or life." The judge also said, " I know nothing about you or the case so I do not know what I'm going to do," and "Once I hear the evidence, I may sentence you to less or I may sentence you to more . . . I do not know what I'm going to do; do you understand that?

The court took judicial notice of the court files, the probation files, and the PSI report, and heard appellant's testimony. Then, the court sentenced appellant to life imprisonment.

The sentence is within the punishment range, and nothing in the record shows that the sentence was predetermined, or that the judge was not neutral, detached, and unbiased.

We therefore cannot conclude that the trial court abused its discretion or violated appellant's right to due process in assessing punishment. We thus resolve appellant's third issue against him.

**D.  Fourth Issue:  Was the aggravated sexual assault of a child sentence constitutionally disproportionate?**

Appellant's fourth issue argues that the trial court erred by imposing a grossly disproportionate sentence in the aggravated sexual assault of a child case, violating the Eight Amendment's prohibition against cruel and unusual punishment. Appellant, however, did not object to his sentence when it was imposed and did not file a motion for new trial. *See* TEX. R. APP. P. 33.1; *see also Rhoades v. State*, 934 S.W.2d 112, 120 (Tex. Crim. App. 1996). Therefore, the issue was not preserved for our review. We thus resolve appellant's fourth issue against him. *See Cox v. State*, No.  05-17-00522-CR, 05-17-00523-CR, 2018 WL 1149568, at *1 (Tex. App.—Dallas Mar. 5, 2018, no pet.).

## III.  CONCLUSION

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
180214F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DONALD CLARK CUNNINGHAM, Appellant

No. 05-18-00214-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1775859-R.
Opinion delivered by Justice Whitehill. Justices Stoddart and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 5, 2018.