**FINDLEY et al. v. CALLOWAY.** (No. 8950.)

(Court of Civil Appeals of Texas. Dallas. Dec. 16, 1922. Rehearing Denied Jan. 13, 1923.)

**1. Weights and measures ⊗8—Public weigher can remove deputy at will.**

Under the law governing public weighers and their deputies (Vernon's Ann. Civ. St. Supp. 1922, arts. 7828–7833o, inclusive), and particularly articles 7833b, 7833g, relating to bonds of the weighers and their deputies, and 7833f, requiring the weigher to take the oath of office, but not requiring an oath from the deputy, which act nowhere fixes the tenure of office of the deputy, the power of the weigher to appoint his deputy impliedly gives him the power to remove the deputy at will, and that power is not defeated by article 7833m, providing for the removal of public weighers and their deputies by the commissioners' court after charges preferred against them.

**2. Weights and measures ⊗8—Deputy public weigher has term coextensive with weigher.**

Since the law provides for no particular duration of the term of a deputy public weigher, an appointment of a deputy is for a term coextensive with the tenure of office of the weigher who appointed him, unless the appointment is revoked or otherwise nullified.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by T. B. Findley and others against G. R. Calloway. From an order dissolving a temporary writ of injunction, plaintiffs appeal. Reversed, and cause remanded, with instructions to reinstate the order granting the temporary injunction.

H. C. Bishop, of Hubbard, and John Abney, of Hillsboro, for appellants.

Frazier & Averitte, of Hillsboro, for appellee.

HAMILTON, J. This is an appeal from an order dissolving a temporary writ of injunction upon a hearing of a motion filed by appellee to accomplish that end.

The following statement from the agreed facts filed in this court is deemed material to an understanding of the conclusion upon which we dispose of the appeal:

T. B. Findley, the duly elected and quali-fied public weigher in and for justice precinct No. 5 of Hill county, Tex., appointed appellee, G. R. Calloway, deputy public weigher for the town of Mt. Calm in said precinct, the appointment being in the prescribed form, and Calloway having duly qualified and received his commission as such public weigher, and at all times possessing the qualifications required by the law as such, and, having provided himself with all equipment required by law necessary to perform the acts pertaining to the duties of a deputy weigher required by law, was performing the duties of such deputy public weigher on or about the 1st day of July, 1922, when appellant Findley undertook to revoke and cancel the appointment of Calloway, and also, thereafter, on or about the 5th day of August, 1922, when Findley, "acting in his capacity of public weigher of said precinct No. 5, Hill county, Tex., duly and legally appointed E. A. McNairy one of the plaintiffs herein, deputy public weigher for the town of Mt. Calm in said precinct, which appointment was in due and legal form, and the said E. A. McNairy has duly qualified as such deputy public weigher in compliance with the terms and provisions of * * * chapter 76 of the Acts of the Regular Session of the Thirty-Sixth Legislature, and his said appointment has been certified by the county clerk of Hill county, Tex., to the commissioner of markets and warehouses of the state of Texas, but the said E. A. McNairy has not to this day received from said commissioner of markets and warehouses a commission to act as such deputy public weigher." McNairy possesses all the qualifications required by law for a deputy public weigher, and has provided himself with all equipment required by the law, and is able, ready, and willing to perform the services pertaining to the duty of such position, as is Calloway, also, in the town of Mt. Calm.

No charges of malfeasance or misfeasance or incompetency or other disqualifications exist or have been filed against Calloway for his removal as deputy public weigher. The only issue involved is whether or not Findley has the lawful authority to terminate at will the right and authority of Calloway to act as deputy public weigher for precinct No. 5 of Hill county.

The various propositions presented to the court in support of the respective positions taken by the parties with reference to the controlling issue above stated in their ultimate consideration are to be disposed of by the effect to be given to that portion of the law providing for the appointment of deputy public weighers, and prescribing requirements to be complied with in connection with another provision of the statute specifying particular grounds upon which public weighers and deputy public weighers may be re-

moved by the commissioners' court. Unless these provisions of law deprive the public weigher of all authority to discharge his deputy, then we think that he has, and in the nature of things ought to have, the power and authority to discharge the deputy at any time without regard to what the reasons prompting him may be.

The law governing public weighers and their deputies is contained in title 132, Vernon's Ann. Civ. St. Supp. 1922, and embodies articles 7828 to 7833o, inclusive. Article 7833b prescribes that public weighers shall be required to execute a bond payable to the state of Texas; contains the requirement as to the provisions of such bonds; and provides that they shall be good for a term of two years from the date they are given.

Article 7833g also requires that all public weighers, as well as all deputy public weighers, shall file bonds with the commissioners' court of the county, and that they shall obtain from the commissioner of markets and warehouses a certificate of authority to carry on the business of a public weigher or a deputy public weigher, etc.

Article 7833f requires that a public weigher, "before entering upon the duties of his office," shall "take the constitutional oath of office prescribed for all officers in this state, which oath of office shall be filed with the commissioners' court of the county in which he resides."

The law nowhere contains any express requirement that a deputy public weigher shall take an oath, nor does the law prescribe the duration of tenure for such position.

Calloway was not appointed for any specified period of time. Article 7833m explicitly provides that public weighers and their deputies may be suspended or dismissed by the commissioners' court of the county in cases where they are found to be guilty of malfeasance or misfeasance in office, or whenever they are found to be grossly incompetent in the performance of their duties. Under this article it is made the duty of the commissioner of markets and warehouses in all cases to file specific charges alleging the cause of removal before any action can be taken by the commissioners' court to accomplish it. After such charges are made by the commissioner of markets and warehouses, a hearing must then be had not less than 10 days nor more than 30 days from the date of the filing of such charges. The accused must be supplied with a copy of the charges, and must have notice of the date for the hearing. He is given the right to be represented by an attorney, to introduce evidence, and to have compulsory process for the attendance of witnesses and the production of records. In the event the result of the hearing is that he is adjudged guilty of the charges, he may then appeal to the district court of the county of his residence or to the district court of Travis county, Tex.

[1] The provision of the statute above noted specifying a particular procedure for the removal of deputy public weighers, as well as public weighers themselves, by its terms, under a reasonable and proper construction of them, we think, neither by specific statement nor by implication deprives the public weigher of the authority and right, himself, to remove from office a deputy. The right of removal of a deputy public weigher by his principal is coexistent with the right and authority to make the appointment. The appellee was not appointed for any specified period of time. The statute does not explicitly provide that he shall take any character of official oath. It requires him to execute a bond to his principal, to be approved by the latter. The law expressly imposes the burden of responsibility and liability for the conduct of deputy public weighers upon their principals. Public weighers and their bondsmen are liable for the errors or misconduct in office of such deputies resulting in any injury. An appointment made under such conditions, and in compliance with the authority of such a statute, we certainly think can be discontinued at the will of the appointing power. In other words, the power of removal inherently belonging to the appointing power, in the absence of some provision of law qualifying or destroying that power, and this statute containing no provision which takes away or impairs the right of a public weigher to remove his deputies, he possesses the power of arbitrary removal, which he may exercise for any reason or without any reason. We construe that portion of the statute relating to removal of public weighers and their deputies upon the grounds enumerated and by the method of procedure outlined as expressing a legislative purpose of eliminating an incompetent or undesirable public weigher or deputy public weigher, independent of, and without regard to, the desires of either, and not as in any way indicating a purpose to take away from public weighers the right which they inherently possess, and ought to possess, to discharge deputies at any time and for any reason which they may deem satisfactory or desirable; they, and they alone, being responsible to the public for the acts of their deputies equally as they are responsible for their own acts. The following authorities, as well as sound principle, fully sustain the conclusions at which we have arrived: People v. Hill, 7 Cal. 97; Shurtleff v United States, 189 U. S. 311, 23 Sup. Ct. 535, 47 L. Ed. 828. No authority contradicts it.

Being of the opinion that appellant Findley had the inherent right and power to remove appellee at will, and that no provision of the law providing for the appointment and service of deputy public weighers in any way restricts or impairs such authority, we are

of the opinion that the court erred in dissolving the injunction.

[2] Appellee advances the proposition that this court in any event should either affirm the judgment of the trial court or dismiss the appeal, for the suggested reason that appellee's term has been brought to an end by virtue of the constitutional restriction of all terms of office to a duration of two years except where otherwise expressly provided by the state Constitution. It is suggested that appellee's term began November 30, 1920, and, by operation of law, expired November 30, 1922. Appellant denies this proposition, and calls attention to the fact that the term could not begin until appellee filed his bond with the commissioners' court, which he did on the 30th day of January, 1921, and insists that the general law providing for the expiration of all county and precinct offices on January 1st fixes the expiration of the term of appellee's tenure as of that date.

We do not think it follows that, because appellee accepted the appointment on the 30th day of November, 1920, his term expired by operation of law exactly two years subsequent to that date. As above noted, the appointment was not for any particular duration of time, and, unless it were revoked or otherwise nullified, we think it clear that it would continue coextensively in duration with the tenure of office by appellant Findley, and there is no contention that his term of office has yet expired. Furthermore, there is no suggestion in the record that appellee has ceased to exercise the functions and perform the duties of deputy public weigher at Mt. Calm. The appointment being indefinite, and therefore running coextensively with the term of office of the public weigher, which by operation of law expires the 1st day of January, 1923, it is plain that, unless removed before the expiration of Findley's term of office, appellee would hold until its expiration by law.

The judgment of the court below dissolving the injunction is reversed, and the cause remanded, with instructions to reinstate the order granting the temporary writ of injunction.

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes