**The STATE of Texas, Appellant,**

v.

**John F. MAY, Appellee.**

No. 12782.

Court of Civil Appeals of Texas.

San Antonio.

July 29, 1954.

Gerald Weatherly, Falfurrias, for appellant.

John F. May, Karnes City, John Peace, San Antonio, for appellee.

PER CURIAM.

This is an appeal from the District Court of Duval County, Texas, from an order of Honorable Maxwell Welch, Judge of the 5th Judicial District of Texas, sitting as Special Judge of the 79th Judicial District in Duval County, refusing John G. Gonzales, Assistant District Attorney of the 79th Judicial District, leave to file a petition for a writ quo warranto against John F. May, who had theretofore been appointed as attorney pro tempore, by Judge Maxwell Welch, to prosecute and otherwise conduct certain criminal cases now pending in Duval County, as well as any other cases based upon any indictment which may be returned in the future by the present grand jury of Duval County.

There are several procedural questions raised here which we do not deem necessary to consider and determine.

The record shows that heretofore, after a full hearing, Raeburn Norris, District Attorney of the 79th Judicial District, of which Duval County is a part, was held to be disqualified to prosecute and otherwise conduct, on the part of the State of Texas, the following criminal proceedings now pending on the docket of the District Court of Duval County, to wit: State of Texas v. C. T. Stansell, Jr., Nos. 2754, 2755, 2756, 2757, 2758, 2759, 2760, 2761, 2762, 2763, 2764, 2765, 2766, 2767, 2768, 2769, 2770; State of Texas v. George B. Parr, No. 2771; State of Texas v. R. L. Adame, Nos. 2772, 2773, 2774, 2775, 2776, 2777, 2778, 2779; State of Texas v. D. C. Chapa, No. 2780; State of Texas v. O. Carrillo, Sr., No. 2781; as well as other cases founded upon indictments which may be returned by the present Grand Jury of Duval County, Texas, and all proceedings incident to such cases.

After the disqualification of the District Attorney of the 79th Judicial District, it was stipulated by the parties that R. F. Luna, County Attorney of Duval County, was likewise disqualified, Whereupon, John G. Gonzales, Assistant District Attorney, asked that he be permitted to conduct such prosecutions, and, without hearing any further evidence, the court ruled that such Assistant District Attorney was also disqualified to conduct the prosecutions.

The court thereafter appointed John F. May, District Attorney of the 81st Judicial District of Texas, as District Attorney Pro Tempore, to conduct such prosecutions.

Gonzales then requested leave of the Supreme Court to file an original application for mandamus to compel Judge Welch to permit him to represent the State in all criminal cases pending on the docket of

the 79th District Court. This motion for leave to file the petition for mandamus was overruled.

Gonzales then presented to Judge Welch a motion for leave to file a quo warranto petition, questioning the authority of John F. May to conduct the prosecutions. This petition was likewise based upon the contention that Gonzales was not disqualified in such cases. This motion was overruled by Judge Welch.

 The Assistant District Attorney was appointed by the District Attorney under the provisions of art. 326k–15, Vernon's Ann.Civ.Stats., and serves at the will and pleasure of the District Attorney. 34 Tex.Jur. 605, § 155; Neeper v. Stewart, Tex.Civ.App., 66 S.W.2d 812; Findley v. Calloway, Tex.Civ.App., 246 S.W. 681. Under such circumstances it would seem that if the District Attorney was disqualified, his assistant, who was appointed by him and who serves at his will and pleasure, would also be disqualified. People ex rel. Livers v. Hanson, 290 Ill. 370, 125 N.E. 268; People ex rel. Elliott v. Benefield, 405 Ill. 500, 91 N.E.2d 427; State v. Buhler, 132 La. 1065, 62 So. 145.

Appellant relies strongly upon the case of State ex rel. Drew v. Smith, 8 Ohio Dec. Reprint, 136, 5 Cinc.L.Bul. 881. In that case the Assistant District Attorney was not appointed by the District Attorney, but by a committee of judges. Thus the District Attorney did not have the power to employ or discharge such Assistant District Attorney, and a very different situation was there presented.

The trial court, after a hearing, concluded that the District Attorney and his assistant were disqualified. A record of the testimony adduced at that hearing is not before us and no contention is here made that the District Attorney was improperly disqualified. The sole contention is that, despite the disqualification of the principal, the assistant, as an appointee of the disqualified District Attorney, had a right to control the prosecution of the criminal cases involved. In our opinion, in any

event the District Judge in the exercise of his discretion could properly reject the services of an appointee of the disqualified District Attorney.

We are of the opinion that this record does not show that the trial judge abused his discretion in refusing leave to file the petition for a writ of quo warranto.

The judgment of the trial court is affirmed.