

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00129-CR
_____

IN RE TROY RIDER

_____

Original Mandamus Proceeding

_____

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

In this mandamus proceeding, Troy Rider asks this Court to order the Honorable Alfonso Charles, presiding judge of the 124th Judicial District Court of Gregg County, Texas, to enter an order disqualifying the prosecutor pro tem. Because we conclude that Judge Charles did not clearly abuse his discretion by overruling Rider's disqualification motion, we deny Rider's petition for a writ of mandamus.

## I.      Factual Background

After a Gregg County grand jury indicted Rider for capital murder, the trial court appointed John Moore to represent him. April Sikes, who was then the first assistant with the Gregg County District Attorney's Office (DA's Office), made several appearances on behalf of the State in this case. On January 21, 2022, Tom Watson, the duly elected criminal district attorney for Gregg County, informed the trial court that he was not seeking re-election and that Moore was running unopposed and would be sworn in as the next criminal district attorney on January 1, 2023. Because Watson did not have enough time to prosecute a capital murder trial within his remaining time as district attorney, Watson requested a voluntary recusal "[a]s a result of the upcoming changes in the" DA's Office "[since] a conflict ar[ose] in that John Moore w[ould] not be able to prosecute the case against the Defendant due to their previous attorney-client relationship." The recusal request expressly contemplated a future conflict of interest and not one existing at that time.

On February 2, the trial court granted Watson's motion for voluntary recusal under Article 2.07(b-1) of the Texas Code of Criminal Procedure, which provides that "[a]n attorney

2

for the state who is not disqualified to act may request the court to permit the attorney's recusal in a case for good cause, and on approval by the court, the attorney is disqualified." TEX. CODE CRIM. PROC. ANN. art. 2.07(b-1) (Supp.). Pursuant to Watson's request and Article 2.07(a), the trial court decided to "appoint an assistant attorney general to perform the duties of the office during the absence or disqualification of the attorney for the state." TEX. CODE CRIM. PROC. ANN. art. 2.07(a) (Supp.). As a result, the trial court's order granting Watson's motion both recused the DA's Office and appointed the "Texas Attorney General[] or his designees [to] be appointed District Attorney Pro Tem" with respect to Rider's prosecution.

Five months later, Sikes, who had since left employment with the DA's Office for a new position with the Texas Attorney General's Office (AG's Office), was assigned to represent the State and signed an oath of office as district attorney pro tem. Rider moved to disqualify Sikes based solely on the argument that, because the DA's Office was recused, Sikes was disqualified as the result of her former employment at the DA's Office.

The trial court rejected the notion that Sikes's deemed disqualification while at the DA's Office followed her to the AG's Office. As a result, "[a]bsent any evidence of a due process violation or issue," the trial court overruled Rider's motion and allowed Sikes to remain on the case. Rider argues that this decision constituted an abuse of discretion.

## II. Standard of Review

"Mandamus is an extraordinary remedy." *In re Good Shepherd Hosp., Inc.*, 572 S.W.3d 315, 319 (Tex. App.—Texarkana 2019, orig. proceeding). It "issues only when the mandamus record establishes (1) a clear abuse of discretion or violation of a duty imposed by law and

3

(2) the absence of a clear and adequate remedy at law." *Id.* (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* (quoting *Walker*, 827 S.W.2d at 839).

The decision to deny a motion to disqualify counsel is reviewable on a petition for a writ of mandamus. *In re Cox*, 481 S.W.3d 289, 295 (Tex. App.—Fort Worth 2015, orig. proceeding); *Ashlock v. State*, No. 06-10-00205-CR, 2011 WL 1770893, at *2 (Tex. App.—Texarkana May 10, 2011, no pet.) (mem. op., not designated for publication).[1] Even so, "[a]s long as a court's ruling is within the zone of reasonable disagreement, it will not be disturbed on appeal." *Ashlock*, 2011 WL 1770893, at *2 (citing *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001)). "In short, the trial court is given a 'limited right to be wrong,' as long as the result is not reached in an arbitrary or capricious manner." *Id.* (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)).

## III.  There Was No Clear Abuse of Discretion

Rider argues that Sikes should not be allowed to represent the AG's Office because she was previously disqualified while employed by the DA's Office. Yet, "[a]s applied to prosecutors, the term disqualification must be distinguished from recusal because they are not interchangeable words." *In re State*, No. 08-13-00195-CR, 2014 WL 2567951, at *5 (Tex.

---

[1]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

App.—El Paso June 6, 2014, orig. proceeding) (not designated for publication) (citing *In re Ligon*, 408 S.W.3d 888, 891 (Tex. App.—Beaumont 2013, orig. proceeding) (citing *In re Guerra*, 235 S.W.3d 392, 410 (Tex. App.—Corpus Christi 2007, orig. proceeding))). Because Rider's argument does not appreciate the difference between a legal disqualification and a voluntary recusal, the trial court was free to disagree with it.

"Legal disqualification refers to the ineligibility to act as the prosecutor in a particular case." *Ligon*, 408 S.W.3d at 891. "There are . . . a few instances in which the district attorney is legally disqualified from acting," and Rider fails to allege that any of them applied to Watson or the DA's Office at the time of the voluntary recusal. *Coleman v. State*, 246 S.W.3d 76, 81 (Tex. Crim. App. 2008); *see* TEX. CODE CRIM. PROC. ANN. art. 2.01 ("Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely."), art. 2.08(a) (Supp.).

If there is a basis for legal disqualification for a district attorney, for example, if "an elected prosecuting attorney has previously represented a defendant in a particular proceeding," the disqualification "is imputed to those assistants 'who serve[] at his will and pleasure.'" *Scarborough v. State*, 54 S.W.3d 419, 424 (Tex. App.—Waco 2001, pet. ref'd) (quoting *State v. May*, 270 S.W.2d 682 (Tex. App.—San Antonio 1954, no writ)); *see Eidson v. Edwards*, 793 S.W.2d 1, 5 n.5 (Tex. Crim. App. 1990) (orig. proceeding). Rider cites this body of caselaw in support of his argument that Sikes is disqualified, but the DA's Office was not legally disqualified here. Instead, the voluntary recusal was based on Moore's future legal

5

disqualification when he would take office in 2023. Sikes left the DA's Office and does not, and will not, serve at Moore's will or pleasure as an employee of the AG's Office and prosecutor pro tem.

For a voluntary recusal like the one here, "[a] district attorney who is not legally disqualified may request that the district court permit him to recuse himself in a particular case for good cause." *Coleman*, 246 S.W.3d at 81. This procedure, which is specified in Article 2.07(b-1) of the Texas Code of Criminal Procedure "allows the district attorney to avoid conflicts of interest and even the appearance of impropriety by deciding not to participate in certain cases." *Id.* "Once the trial court approves his voluntary recusal, the district attorney is deemed 'disqualified.'" *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 2.07(b-1)).

The distinction between a legal disqualification and a voluntary recusal is critical. Had Watson previously represented Rider, the knowledge he gained through such representation would be imputed to Sikes and the disqualification could follow her after she left the DA's Office. But those are not the facts, and Rider has cited no caselaw showing that a deemed disqualification following voluntary recusal would follow Sikes after she left employment with the DA's Office. In fact, "the notion of 'once deemed disqualified, always disqualified,'" has been expressly rejected. *O'Neal v. State*, No. 07-15-00273-CR, 2016 WL 3136039, at *3 (Tex. App.—Amarillo May 31, 2016, pet. ref'd) (citing *Coleman*, 246 S.W.3d at 85).

Once a voluntary recusal is approved, the trial court appoints a competent attorney to perform the duties of the district attorney. *See* TEX. CODE CRIM. PROC. ANN. art. 2.07(a). "The appointed attorney is called an attorney pro tem," who "stands in the place of the regular attorney

6

for the state and performs all the duties the state attorney would have performed under the terms of the appointment." *Coleman*, 246 S.W.3d at 82. Here, the trial court appointed the AG's Office, which was to "act[] independently, and, in effect replace[] the" DA's Office. *Id.* at 82 n.19. The fact that Sikes was designated by the AG's Office as its new employee to serve as attorney pro tem in this case was simply fortuitous. Once selected, "the appointment of an attorney pro tem lasts until the purposes contemplated by that appointment are fulfilled." *Id.* at 83.

Because Sikes's appointment as attorney pro tem was consistent with the Texas Code of Criminal Procedure, we cannot say that the trial court's decision to let Sikes "continue to prosecute the case during the period of disqualification of the" DA's Office lies outside that zone of reasonable disagreement.[2] TEX. CODE CRIM. PROC. ANN. art. 2.07(a). On the mandamus record presented, we conclude that Rider has failed to show a clear abuse of discretion.

## IV. Conclusion

We deny the petition for a writ of mandamus.

Charles van Cleef
Justice

Date Submitted:     October 12, 2022
Date Decided:       October 13, 2022

Do Not Publish

---

[2]Rider has neither alleged nor shown that his rights were in any way adversely affected by the trial court's decision to have Sikes continue to act as attorney pro tem. *See Coleman*, 246 S.W.3d at 86.