

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00036-CR

IN RE GREGORY DEWAYNE NEWSON

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Gregory Dewayne Newson has petitioned this Court for mandamus relief. Newson asks us to grant a writ of mandamus directing the Honorable LeAnn Rafferty, judge of the 123rd Judicial District Court of Panola County, to rescind her order denying Newson's motion to disqualify attorney pro tem April Sikes and to enter an order granting his motion. Because we conclude that Judge Rafferty did not clearly abuse her discretion when she denied Newson's motion to disqualify, we deny his petition for a writ of mandamus.

I.      Background

Law enforcement arrested Newson in Louisiana on December 31, 2019, for the offense of capital murder of a peace officer, which was alleged to have occurred earlier that day in Panola County, Texas. On January 8, 2020, the trial court granted Panola County District Attorney Danny Buck Davidson's motion to appoint April Sikes as a special prosecutor in Newson's case. At that time, Sikes was employed as the first assistant district attorney for Gregg County. On February 27, Newson was extradited back to Texas, and at the request of the Panola County Sheriff's Office, he was held in custody in the Gregg County Jail.

On March 2, Davidson filed a motion for recusal and appointment of attorney pro tem, explaining to the trial court that there was a "*potential* conflict of interest" that had "arisen during the investigation of [the] case that would *possibly* require [Davidson] and [his] staff members . . . to be called as fact witnesses in the trial of [Newson's] case."[1]  (Emphasis added).

---

[1] The investigation was related to the forfeiture of $5,500.00, which the State maintained was held by Newson as illegal contraband. On February 13, the State filed a motion to nonsuit its original notice of seizure and intended

2

Davidson asked the court to "grant [the] motion and recuse Movant and Movant's Office . . . ." On March 6, the trial found that good cause existed to grant Davidson's motion to "voluntarily recuse[]," and the court appointed Gregg County District Attorney Tom B. Watson to act as criminal district attorney pro tem in Newson's case. The trial court did not refer to Sikes in the order granting Davidson's motion to recuse.

Around that same time, Newson's attorney notified the trial court, via email, that Newson objected to Sikes's continued involvement in his case. Counsel continued, "[T]he law requires that if Mr. Davidson is disqualified . . . [Davidson's] employees and staff, including Ms. Sikes, would also be disqualified from participating in the prosecution(s) pending against Mr. Newson."[2]

On July 27, the trial court, on its own motion, issued an order removing Watson as the district attorney pro tem and disqualifying Sikes from serving as counsel in the case, because they had been remiss in their obligations to present Newson's case to the grand jury and because they had not "provide[d] any excuse or reason as to why the grand jury presentation would not

_____

forfeiture, asking the trial court to dismiss, without prejudice, the forfeiture proceeding against Newson. The trial court granted the State's motion the same day.

[2]In his email message to the court, Newson's counsel explained,

> It is our understanding of the law that once the elected District Attorney is disqualified from participating in a case, that disqualification is imputed down the ranks of the employees and staff of the District Attorney's office, to include any assistant district attorney and or special prosecutor employed or otherwise assisting the District Attorney.

> It has also been suggested that if the DA of Panola County is disqualified, then the primary employer of Ms. Sikes, the DA of Gregg County, Tom Watson, could be appointed as the Attorney Pro Tem for this case. While the disqualification of Ms. Sikes would not be imputed up to her employer, the elected District Attorney of Gregg County, Ms. Sikes' continued participation in the prosecution of this case would, in our view, be prohibited. We take no position on the propriety of the appointment of Mr. Watson as the Attorney Pro Tem in this case, although we see it as potentially problematic.

occur." The court also noted that Sikes had been appointed as special counsel to the Panola County District Attorney's office when Davidson voluntarily recused himself from the case but that "[t]he record [was] unclear as to whether Sikes sought to withdraw her appointment as special counsel" at the time Davidson recused. Despite that, the trial court "removed" Watson as district attorney pro tem and ordered that Sikes be "disqualified to serve as counsel in this matter." The trial court then appointed the Texas Attorney General's Office (AG's Office) as the district attorney pro tem in Newson's case.

Around seven days later, on August 3, Watson filed a motion for recusal and appointment of attorney pro tem. Newson states that Watson's motion for recusal was filed pursuant to an agreement between the parties and the trial court. The trial court found that good cause existed to grant Watson's recusal motion and disqualified Watson from serving as the prosecutor in Newson's case.[3] On that same day, the trial court entered a second order referring the case to the AG's Office to serve as district attorney pro tem in Newson's case. The trial court assigned Newson's case to Assistant Attorney General Natalie Tise, and the State indicted Newson for capital murder and aggravated assault on September 28.

Around May 2022, Sikes, who had since left her employment with the Gregg County DA's office, was hired by the AG's Office and reassigned as the criminal district attorney pro tem in Newson's case. On August 12, Newson filed a motion to disqualify Sikes as the prosecutor in his case. Following a hearing, the trial court denied Newson's motion to disqualify Sikes. Newson's petition for a writ of mandamus followed.

---

[3]On August 4, the trial court entered a separate order to vacate its July 27 "[r]emoval [o]rder."

4

## II. Standard of Review

"Mandamus is an extraordinary remedy." *In re Good Shepherd Hosp., Inc.*, 572 S.W.3d 315, 319 (Tex. App.—Texarkana 2019, orig. proceeding). The decision to deny a motion to disqualify counsel is reviewable on a petition for a writ of mandamus. *In re Cox*, 481 S.W.3d 289, 295 (Tex. App.—Fort Worth 2015, orig. proceeding). In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet his burden to establish entitlement to mandamus relief, Newson is required to show that the trial court had a ministerial duty to grant his motion to disqualify Sikes. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding)). An act is considered ministerial if relator can show a clear right to the relief sought. *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding). A clear right to the requested relief is shown when the facts and circumstances require but "one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re. State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

## III. Discussion

In his mandamus petition, Newson argues that the trial court abused its discretion when it denied his motion to disqualify Sikes because she had "twice before been disqualified." Newson

5

points out that Sikes was initially disqualified as a special prosecutor for the Panola County District Attorney's Office due to her status as a potential witness in the civil forfeiture case and that she was disqualified a second time from serving as district attorney pro tem in Gregg County due to her failure to fulfill her duties. Newson asks this Court to (1) grant his petition for a writ of mandamus, (2) direct the trial court to rescind its order denying Newson's motion to disqualify Sikes as district attorney pro tem, and (3) direct the trial court to enter an order granting Newson's motion to disqualify Sikes.

In regard to prosecutors, recusal and disqualification are not interchangeable words. *In re Guerra*, 235 S.W.3d 392, 410 (Tex. App.—Corpus Christi–Edinburg 2007, orig. proceeding). "Legal disqualification refers to the ineligibility to act as the prosecutor in a particular case." *In re Ligon*, 408 S.W.3d 888, 891 (Tex. App.—Beaumont 2013, orig. proceeding) (per curiam). "There are . . . a few instances in which the district attorney is legally disqualified from acting,"[4] *Coleman v. State*, 246 S.W.3d 76, 81 (Tex. Crim. App. 2008), and Newson fails to allege that any of them applied to Sikes. *See* TEX. CODE CRIM. PROC. ANN. art. 2.01 ("Each district attorney

---

[4]Article 2.08 of the Texas Code of Criminal Procedure, entitled "Disqualified," states,

> (a)     District and county attorneys shall not be of counsel adversely to the State in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the State in any case in which they have been of counsel for the State.

> (b)     A judge of a court in which a district or county attorney represents the State shall declare the district or county attorney disqualified for purposes of Article 2.07 on a showing that the attorney is the subject of a criminal investigation by a law enforcement agency if that investigation is based on credible evidence of criminal misconduct for an offense that is within the attorney's authority to prosecute. A disqualification under this subsection applies only to the attorney's access to the criminal investigation pending against the attorney and to any prosecution of a criminal charge resulting from that investigation.

TEX. CODE CRIM. PROC. ANN. art. 2.08(a), (b) (Supp.).

6

shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely.").

If there is a basis for legal disqualification for a district attorney, for example, if "an elected prosecuting attorney has previously represented a defendant in a particular proceeding," the disqualification "is imputed to those assistants 'who serve[] at his will and pleasure.'" *Scarborough v. State*, 54 S.W.3d 419, 424 (Tex. App.—Waco 2001, pet. ref'd) (alteration in original) (quoting *State v. May*, 270 S.W.2d 682, 684 (Tex. App.—San Antonio 1954, no writ)). In other words, "if an elected prosecuting attorney ha[d] previously represented a defendant in a particular proceeding, then article 2.01 disqualifies him from representing the State in the matter and that disqualification is imputed to those assistants 'who serve[] at his will and pleasure.'" *Id.* (alteration in original). On the other hand, "if an assistant district or county attorney has previously represented a defendant in a particular proceeding, then that particular attorney is disqualified from assisting in the prosecution of the case, but the elected prosecutor and his other assistants are not." *Id.* (citing *State ex rel. Edison v. Edwards*, 793 S.W.2d 1, 5–6 (Tex. Crim. App. 1990) (orig. proceeding).

In relation to a voluntary recusal, like the two recusals in this case, "[a] district attorney who is not legally disqualified may request that the district court permit him to recuse himself in a particular case for good cause." *Coleman*, 246 S.W.3d at 81. This procedure, which is specified in Article 2.07(b-1) of the Texas Code of Criminal Procedure, "allows the district attorney to avoid conflicts of interest and even the appearance of impropriety by deciding not to participate in certain cases." *Id.* "Once the trial court approves his voluntary recusal, the district

attorney is deemed 'disqualified.'" *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 2.07(b-1) (Supp.)).

The distinction between a legal disqualification and a voluntary recusal is critical. Had Davidson or Watson represented Newson previously, the knowledge that either of them gained through that representation would be imputed to Sikes, and the disqualification would follow her after she left the DA's office. But that is not the case here, and Newson has cited no legal authority showing that a deemed disqualification, following a voluntary recusal, would follow Sikes to her future employment. In fact, "the notion of 'once deemed disqualified, always disqualified,'" has been expressly rejected. *O'Neal v. State*, No. 07-15-00273-CR, 2016 WL 3136039, at *3 (Tex. App.—Amarillo May 31, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Coleman*, 246 S.W.3d at 85).

Recently, we addressed a similar issue in *In re Rider*, No. 06-22-00129-CR, 2022 WL 7208629 (Tex. App.—Texarkana Oct. 13, 2022, orig. proceeding) (mem. op., not designated for publication). In that case, Rider filed a petition for a writ of mandamus asking this Court to order "the 124th Judicial District Court of Gregg County, Texas, to enter an order disqualifying the prosecutor pro tem." *Id.* at *1. We denied Rider's petition for mandamus relief.

Rider was indicted for capital murder, and the trial court appointed John Moore to represent him. At that time, Sikes was the first assistant to Greg County DA Tom Watson, and she made multiple appearances on behalf of the State in Rider's case. "On January 21, 2022, . . . Watson . . . informed the trial court that he [would not be] seeking re-election" and that he did not have sufficient time in office to prosecute Rider's case. He further informed the court that

8

John Moore would be running for Greg County DA "unopposed and would be sworn in as the next criminal district attorney on January 1, 2023." *Id.* Watson asked the trial court to grant his motion to voluntarily recuse his office "'[a]s a result of the upcoming changes in the' DA's Office" and because "a conflict ar[ose] in that John Moore w[ould] not be able to prosecute the case against the Defendant due to their previous attorney-client relationship." *Id.* "The recusal request expressly contemplated a future conflict of interest and not one existing at that time." *Id.*

The trial court granted Watson's motion on February 2, allowing him to recuse pursuant to Article 2.07(b-1) of the Texas Code of Criminal Procedure. The trial court also appointed the Texas AG's office to prosecute Rider's case as DA pro tem. Five months later, Sikes left the Gregg County DA's office and was employed as an assistant attorney general. At her new position, Sikes was assigned to represent the State against Rider. "Rider moved to disqualify Sikes based solely on the argument that, because the DA's Office [previously] recused, Sikes was disqualified" from prosecuting Rider as an AAG. *Id.* The trial court rejected Rider's reasoning, found that there was no "evidence of a due process violation or issue," and denied Rider's motion. *Id.*

Rider filed a petition for a writ of mandamus in this Court, maintaining that the trial court's denial of his motion to disqualify Sikes was an abuse of discretion. *Id.* In denying Rider's petition, we first noted the difference between a legal disqualification and a voluntary recusal and then explained, "Had Watson previously represented Rider, the knowledge he gained through such a representation would be imputed to Sikes and the *disqualification* could follow her after she left the DA's Office. But those are not the facts . . . ." *Id.* at *3 (emphasis added).

9

Newson maintains that the facts in the present case are critically different from those in *Rider*. Newson argues that, in *Rider*, "neither Ms. Sikes nor her supervisor Mr. Watson (nor anyone else in the Gregg County District Attorney's Office for that matter) ever labored under any kind of conflict in the case. Mr. Watson sought voluntary recusal prospectively based on the eventual legal disqualification of his successor." With respect to this case, Newson contends, "Davidson sought a recusal based on his own *existing* conflict, then Mr. Watson was removed and later voluntarily recused based on his failure to fulfill his duties as attorney pro tem. In both circumstances, Ms. Sikes was not simply an unwitting bystander." (Emphasis added). He continues, "[Instead,] she was an active participant. And she was disqualified based, not only on the imputed taint from her supervisors, but also on her own status and conduct." We disagree.

Similar to what Watson did in the *Rider* case, Davidson filed a motion to voluntarily recuse from Newson's case based on the possibility that he, or one of his staff members, *might* be a potential witness in a civil forfeiture proceeding against Newson. The trial court had the discretion to grant or deny Davidson's motion. Not unexpectedly, the court chose to grant Davidson's motion and appointed Watson as the attorney pro tem. Regardless, Newson's forfeiture case, which was the sole basis for Watson's motion to voluntarily recuse, was dismissed pursuant to the State's own motion. But even if the forfeiture case were to be refiled by the State, the trial court would have the discretion to determine whether Sikes had a conflict of interest regarding the forfeiture proceeding. The fact that the trial court has the discretion to determine whether Sikes has a conflict of interest refutes Newson's assertion that the trial court had a *ministerial duty* to grant his motion to disqualify Sikes.

10

Newson also argues that Sikes was disqualified from prosecuting his case based on Watson's and Sikes's prior legal disqualifications.  It is true that the trial court entered an order disqualifying Watson and Sikes based on their failure to participate in grand jury proceedings.  However, the trial court used its discretion when it chose to vacate its order disqualifying Watson and Sikes and, then again, when it entered its order granting Watson's motion to voluntarily recuse.  Neither of those rulings were ministerial in nature, and Newson has not met his burden of showing that the trial court had a ministerial duty to grant his motion to disqualify Sikes based on any of the prior recusal orders.

## IV.  Conclusion

Because Sikes's appointment as attorney pro tem was consistent with the Texas Code of Criminal Procedure, we cannot say that the trial court's decision to allow Sikes to continue to prosecute Newson lies outside the zone of reasonable disagreement.

For this reason, we deny Newson's petition for a writ of mandamus.

Charles van Cleef
Justice

Date Submitted:       April 20, 2023
Date Decided:        April 21, 2023

Do Not Publish

11